## In the Matter of Gerald L. BRENNER, Debtor.

Bankruptcy No. 89–19603–G.

United States Bankruptcy Court, E.D. Michigan, S.D.

Nov. 3, 1993.

instruct the Clerk to send a copy of this opinion to the Credit Union.

Michael D. Finn, Farmington Hills, MI, for debtor.

Robert A. Peurach, Fitzgerald & Dakmak, P.C., Detroit, MI, for Trustee.

Lynn M. Brimer, Sp. Asst. U.S. Atty., Detroit, MI, for creditor.

## AMENDED MEMORANDUM OPINION APPROVING PRIORITY CLAIM OF THE IRS

RAY REYNOLDS GRAVES, Chief Judge.

This matter was brought on before the Court upon the Trustee's objection to a tardy priority claim filed by the Internal Revenue Service ("IRS"). Following oral argument, by the Trustee objecting to the priority claim of the IRS, this Court took the matter under advisement. After reviewing supplemental briefs and upon independent research, this Court finds that the IRS is entitled to priority distribution of its claim.

### FACTS

On December 22, 1987, Debtor, Gerald L. Brenner, initiated this bankruptcy proceeding pursuant to the filing of a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. Subsequently, George P. Dakmak was appointed Trustee of the Debtor's estate.

Shortly after initiation of the bankruptcy proceeding, the Clerk of this Court sent notice to all creditors, including the Internal Revenue Service, of the date set for the

Meeting of Creditors. Pursuant to that notice, all creditors were advised that the case was being designated as a "no asset" case and that Proofs of Claim were not required.

Upon investigation by the Trustee of the Debtor's financial affairs an action was brought against the Debtor's mother and brother to recover a fraudulent conveyance in the amount of approximately $50,000.00. The lawsuit proceeded to trial and the Trustee was successful in recovering assets for the distribution to creditors.

On November 6, 1991, the Clerk of the Bankruptcy Court issued a Notice of Need to File Proof of Claim Due to Recovery of Assets setting February 6, 1992, as the date by which claims were to be filed.

On March 13, 1992, after the bar date for allowance of claims, the IRS filed a Proof of Claim. The IRS argues that the recovery of assets in this matter was not brought to the attention of the appropriate adviser in the Service's Special Procedures Branch until March 9, 1992. Within 4 days of notification from special procedures, the Service filed a Proof of Claim in the amount of $17,102.76 for unpaid federal income taxes for the taxable year 1988[1]. The Service's claim represents a priority claim in accordance with 11 U.S.C. § 507(a)(7).

On February 4, 1993, the Trustee filed an objection to the Internal Revenue Service's Proof of Claim. The basis for the objection is that the claim was not timely filed and that it should, therefore, be subordinated to all other allowed claims pursuant to 11 U.S.C. § 726(a)(3). To date assets from the estate have not been distributed.

The Trustee's objection was first heard by the Court on March 11, 1993. At that time, the Court determined that the matter should be submitted by the parties on briefs and that the Court would schedule oral argument, if necessary. The Court does not deem oral argument to be necessary.

1. It should be noted that the IRS filed two claims on March 13, 1992; Claim No. 4 alleging an unsecured priority claim in the amount of approximately $12,000.00 and a general unsecured claim in the amount of approximately $4,000.00 and claim No. 5 alleging an administrative expense claim in the amount of $10,000.00. On

## DISCUSSION

In determining the appropriateness of allowing a claim that has been filed beyond the 90 day period as established by Fed. R.Bank.P. Rule 3002(c), the Court must examine several applicable provisions of the Bankruptcy Code. Therefore, an initial starting point is the canon of statutory construction to which the Court must look when reviewing those provisions. Where this Court is faced with the task of statutory interpretation, the inquiry begins with the language of the statute itself. *See United States v. Ron Pair Enterprises,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). If the statute's language is plain and unambiguous, the court's inquiry must end with that language, for "the sole function of the courts is to enforce it according to its terms." *Id.* (Citing *Caminetti v. United States* ), 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917).

In the case *sub judice,* the language of one specific provision of the Code does not answer the inquiry regarding allowance of late priority claims. Indeed, this Court must glean several provisions of the Code in order to determine the claim allowance. "The plain meaning of legislation should be conclusive, except in the rare cases where the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters." *See Griffin v. Ocean,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982). Accordingly, several provisions within the Bankruptcy Code are relevant to the Court's determination. Thus, this Court cannot rely upon one very specific narrow rule in determining whether the IRS priority claim would be allowed[2].

## CLAIM ALLOWANCE

The basis for filing a claim is governed by 11 U.S.C. § 501, however, this provision does not determine the time in which to file a claim. 11 U.S.C. § 501 states:

February 19, 1993, the Service withdrew that claim as having been filed in error.

2. Federal Bankruptcy Rule 3002 determines the time for filing a claim.

(a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

(d) A claim of a kind specified in section 502(e)(2), 502(f), 502(g), 502(h) or 502(i) of this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition.

The Federal Rules of Bankruptcy Procedure set the time limits, the form and the procedure for filing which may determine whether claims are timely or tardily filed[3].

### FILING TIMELINE

The Court's initial inquiry as to the time for filing a Proof of Claim is governed by Bankruptcy Rule 3002 which states in relevant part that:

C. Time for Filing

In a Chapter 7 liquidation ... a Proof of Claim should be filed within 90 days of the first date set for the meeting of creditors called pursuant to Section 341(a) of the Code, except as follows:

. . .

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(c), and subsequently the Trustee notifies the Court that payment of a dividend appears possible, the Clerk shall notify the creditors of that fact and that they may file Proofs of Claim within 90 days after the mailing of the notice.

While it may appear that Fed.R.Bank.P. 3002 bars a claim filed outside the scope of time designated under the Rule, that is not the case[4],[5] Late claims are allowed in some instances.[6]

---

**3.** See Footnote 2 *supra*.

**4.** As discussed by the Court in *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn.1992), the new Rule 3002 mirrored old Rule 302 without making adjustments for the changes in the underlying statutory provisions. Section 57(n) of the Bankruptcy Act provides that ... "[c]laims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed ..." *Id.* at 559, *citing* 11 U.S.C. (repealed Oct. 1, 1979). Under the Act, the time frame for the filing of proofs of claim was a time bar, beyond which the statute specifically precluded the allowance of claims. The applicable rule, Rule 302, implemented the six month time bar.

The Bankruptcy Code did not carry forward the time bar of section 57(n). Rather, under Section 502, a proof of claim is presumptively allowed, absent the filing of an objection by a party in interest.

§ 502. Allowance of claims or interests.

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) ... if such objection to a claim is made, the court, after notice and a hearing ... *shall allow such claim in such amount* except to the extent that—

11 U.S.C. § 502 (emphasis added). Section 502 enumerates eight specific grounds for disallowing claims. The court in *Hausladen* noted that tardy or late filing is not one of the stated grounds for disallowance. "The words are clear; 'lateness is not a ground for disallowance under section 502 of the Code.'" *Hausladen*, 146 B.R. at 559, citing *In re Horner*, 1991 WL 353297 (Bankr.N.D.Ill. Sept. 21, 1991) (*dicta*); Judge Keith M. Lundin, *Chapter 13 Bankruptcy*, § 7.24 at 7–59 (Sept. 1992 galley proof). The *Hausladen* court specifically concluded that under the statute, an objection predicated upon late filing required the court to allow the claim. *Id.* at 559–60.

**5.** This Court is aware of the compelling *en banc* opinion of *In re Zimmerman*, 156 B.R. 192 (Bankr.W.D.Mich.1993), which rejected the reasoning in *Hausladen*. However, the *Zimmerman* court did recognize that Fed.R.Bankr.P. 3002 does not explicitly state that late claims are barred. *Zimmerman*, p. 12, July 1, 1993.

It is interesting to note, however, that the *Zimmerman* court failed to address the seminal case of *In re Century Boat* discussed *infra*, a recent Sixth Circuit decision which allowed a late filed claim by the IRS.

**6.** *See United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6th Cir.1990). *In re Century Boat Co.*, 986 F.2d 154 (6th Cir.1993) (Discussed infra).

### PRIORITY STATUS

The priority status of a claim is defined by 11 U.S.C. § 507. This provision establishes which claims against a bankruptcy estate receive priority distribution. In the instant case, the IRS claim is accorded priority status in accordance with 11 U.S.C. § 507(a)(7) which states:

(a) The following expenses and claims have priority in the following order:

. . .

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for— . . .

### CLAIM DISTRIBUTION

This Court must also examine 11 U.S.C. § 726(a)(3) to determine whether the IRS should share in *pari passu* with other creditors in the distribution of the Brenner estate.

Moreover, distribution of the estate follows the order as established in 11 U.S.C. § 726 which states in relevant part:

(a) Except as provided in Section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, Section 507 of this title;

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under Section 501(a) of this title;

(B) timely filed under section 501(b) or (c) of this title; or

(C) tardily filed under Section 501(a) of this title, if—

. . .

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph 2(C) of this subsection.

7. The Trustee asserts that Section 726(a)(2)(c) provides an exception only where the claimant

The Trustee contends that 11 U.S.C. § 726(a)(3) provides that tardily filed unsecured claims are to be paid only after timely filed allowed unsecured claims[7]. Furthermore, the Trustee submits that subordination of the IRS claim is required pursuant to Section 726(a)(3).

To the contrary, in the Sixth Circuit, the issue of the allowance of a late filed Proof of Claim and the schematic distribution of said claim with respect to 11 U.S.C. § 726 was recently addressed in *In re Century Boat Co.*, 986 F.2d 154 (6th Cir.1993).

The court in *Century Boat* held that "the language of 726 does not itself prohibit tardily filed priority claims. Subsection (a)(1) merely provides that the order of distribution of priority claims will be the order specified in 11 U.S.C. § 507. This provision does not distinguish between tardily filed and timely filed priority claims with or without notice." *Id.* Similarly, in *U.S. v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6th Cir.1990), the court held that "the fact that certain claims are raised to a priority status as defined in the statute deems it reasonable that the priority status is more important than whether they were tardily filed either because they had received no notice of the bankruptcy or for some other reason." *Id.* at 1091.

Although, the facts in *Century Boat,* are somewhat distinct from the case at bar, the *Century Boat* case tends to answer the glaring question of tardy filings for certain priority creditors. In *Century Boat,* the IRS was not duly notified of a bankruptcy filing. Approximately one year after the filing, the Chapter 7 Trustee notified the IRS of the proceeding. As a result of receiving notice, the Service conducted an audit of *Century Boat* and determined a deficiency. Sometime later, the IRS filed a Proof of Claim in the Bankruptcy Court almost two years after having received notice. As with the instant case in *Century Boat* the Trustee had not made distributions from the estate. The Trustee in *Century Boat,* relying upon the Sixth Circuit decision of *Cardinal Mine Sup-*

did not have notice or actual knowledge.

*ply,* strenuously argued that the IRS was precluded from retaining its priority status and could not invoke the holding of *Cardinal Mine Supply* due to tardily filing its claim[8].

Similarly, the Trustee in the instant case argues that the decision of *Century Boat* mandates the subordination of the IRS claim, due to the IRS filing the claim late. Yet, contrary to the Trustee's assertions that is not the rule as annunciated in *Cardinal Mine Supply.* In that case, the Sixth Circuit held that general unsecured creditors who filed timely claims and those who filed untimely claims, because they received no notice, are to be paid ahead of priority claimants who filed tardy claims because they had no notice or knowledge of the bankruptcy. However, even the *Cardinal Mine Supply* court acknowledged that certain claims were accorded priority status, and such status carries more validity than the time of filing. *See Cardinal Mine Supply* at 1091.

The *Century Boat* court explains that *Cardinal Mine Supply* did not establish the rule that a priority creditor who files an untimely Proof of Claim because it did not receive notice of the bankruptcy will always receive priority distribution despite the untimely filing. The guiding principle, as underscored in *Cardinal Mine Supply* and affirmed in *Century Boat,* is that "a priority creditor who fails to receive notice of the bankruptcy and consequently files an untimely Proof of Claim is not barred from receiving priority distribution as a matter of law." *In re Century Boat* at 158.

Although the *Century Boat* court allowed the late priority claim, the court cautioned that its ruling was not meant to imply that all late filed claims are acceptable. In fact, the court warned that the allowance of the claim was to be narrowly construed.

■ The *Century Boat* court did caution that prior to a creditor invoking the rule regarding late claims as established in *Cardinal,* it must meet certain stringent requirements. The Creditor must:

---

1. File its Proof of Claim before the Trustee makes any distribution from the estate and;

2. Before the Bankruptcy Court closes the estate;

3. The creditor must not exhibit any indicia of bad faith; or

4. Undue prejudice to the creditors.

*Id.* at 158.

In the instant case all of the elements are present. The Trustee has not made a distribution of the assets and, the creditors are not unduly prejudiced. All creditors in this case receive a benefit from the unexpected recovery of estate assets. The filing of a claim some 35 days after the bar date is not bad faith on the part of the IRS. Therefore, the holding in *Century Boat* does not preclude tardy filed claims with notice of bankruptcy proceedings.

Thus, we may infer that certain creditors like the IRS are conferred priority status and such status is more important than the timeliness of the filing of a claim.

## SPECIALIZED IRS NOTICING PROBLEMS

Congress contemplated noticing problems with respect to large cumbersome bureaucracies such as the IRS. In contemplating 11 U.S.C. § 501, legislative history exposes the thinking of the drafters of this provision and the hope that the IRS would have a minimal notice requirement of six months. The drafters of the Code contemplated that:

> The Rules of Bankruptcy Procedure will set the limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed. The Rules governing time limits for filing Proofs of Claim will continue to apply under Section 405(d) of the bill. These provide a six month date for the filing of tax claims. [In light of the difficult administrative burden on taxing authorities, especially the Internal Revenue Service ... it is anticipated that any amendment to the Rules of Bankruptcy Procedure will not

---

8. The Sixth Circuit in *Century Boat* clarified this issue and [that such] conclusion seems counter to the holding in *Cardinal Mine Supply;* that

time of filing is less important than the priority status of a given claim.

deprive taxing authorities of this amount before time to file Proofs of Claims.]

(H.R.Repts. 595, 95 Cong., 1st Sess. 351 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 6 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5847, 6307.

Although the six month period did not survive 11 U.S.C. § 501, the drafters of the Code were aware of the difficulties inherent in properly noticing the IRS.

Similarly, in the Eastern District of Michigan, the local rules reflect the inherent problems of noticing the IRS and provide specialized instruction in L.B.R. 2.01 (E.D.M.) (Bankruptcy Petition and Schedules) which states:

> ... the matrix shall include the address of the Special Procedures Branch of the Internal Revenue Service located at Detroit, Michigan. When any other agency or department of the United States is listed, the proper address as obtained from the United States Attorney's Office shall be stated.

It is clear from the L.B.R. 2.01 (E.D.M.) that the Eastern District of Michigan notes the noticing difficulties associated with the IRS.

### CONCLUSION

The *Century Boat* court held that absent bad faith and undue delay and before distribution of assets by the Trustee, the court is mandated to allow the payment of the IRS claim as priority.

Accordingly, this Court having found no indicia of bad faith on the part of the IRS in filing its priority claim 35 days beyond the bar date hereby approves the distribution of the IRS claim as priority.

**IT IS SO ORDERED.**