**In re Arthur R. MILLER and Janet E. Miller, Debtors.**

**Bankruptcy No. 91–15431–BKC–PGH.**

United States Bankruptcy Court, S.D. Florida.

June 6, 1994.

Charles W. Throckmorton, Miami, FL, for debtors.

Jordi Guso, Miami, FL.

Kathleen Donohue, Miami, FL.

Jules Bagdan, Trustee, Ft. Lauderdale, FL.

*MEMORANDUM ORDER SUSTAINING DEBTORS' OBJECTION TO TRUSTEE'S FINAL REPORT OF ESTATE AND PROPOSED DIVIDENDS AND ALLOWING CLAIM OF INTERNAL REVENUE SERVICE*

PAUL G. HYMAN, Jr., Bankruptcy Judge.

This cause came before the Court on April 14, 1994, at 9:30 a.m., on the Debtors' Objec-

tion to Trustee's Final Report of Estate and Proposed Dividends, and on the Debtors' Motion for Leave to File Proof of Claim For IRS. The Court having heard argument of counsel and being otherwise duly advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that the Debtors' objection to the Trustee's final report is **sustained** for the reasons set forth herein. The Trustee shall make no distribution to general unsecured creditors until the amount of the Internal Revenue Service's priority claim in this case is finally adjudicated. It is hereby further

**ORDERED AND ADJUDGED** that the Debtors' Motion For Leave to file proof of claim on behalf of the Internal Revenue Service is **denied as moot** because the IRS has filed its own claim, which, pursuant to this order, shall be accorded priority status under 11 U.S.C. §§ 507(a)(7) and 726(a)(1).

### FACTS AND PROCEDURAL HISTORY

On November 1, 1991, the Debtors, Arthur R. Miller and Janet E. Miller, filed a joint voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. Jules Bagdan was appointed as Trustee, and the standard "Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors and Fixing of Dates" was provided by mail to all creditors, including the Internal Revenue Service ("IRS"), on December 3, 1991. The § 341 meeting of creditors was held on December 13, 1991, and the claims bar date was set as March 12, 1992.

When the Millers filed their 1989 federal income tax return, they paid the entire tax reflected on the return as being due and owing. Since the Millers had paid all known income taxes at the time of their bankruptcy filing, they did not list the IRS as a creditor on their schedules, nor did the IRS file a timely proof of claim. However, in December of 1993, following an internal review, the IRS formally asserted, for the first time, that the Debtors owed additional 1989 taxes in the approximate amount of $262,336.00. The Trustee's Final Report of Estate and Proposed Dividends, filed on February 8, 1994, did not reflect or account for the IRS's potential claim. The Debtors accordingly filed

an objection to the Trustee's Final Report on March 7, 1994 due to the omission of the potential IRS priority claim.

After the claims bar date had passed, the IRS filed a proof of claim (dated March 15, 1994 but stamped as filed on March 28, 1994) for additional income tax owed from 1989 in the total amount of $241,508.50, categorized as a priority claim for $206,472.00 and an unsecured claim for $35,036.00. The Trustee objected to the IRS's claim as being late filed, asserting that it should be allowed, if at all, as a tardily filed claim and accorded the treatment provided by 11 U.S.C. § 726(a)(3). Curiously, the IRS agreed to this inferior treatment.

The Debtors then moved pursuant to F.R.B.P. 3004 and 9006(b)(1) for leave to file a late proof of claim on behalf of the IRS. The Debtors also objected to the Trustee's proposed treatment of the IRS claim as a tardy claim under § 726(a)(3). The Trustee has made no distributions in this case to date. The case has not been closed.

### DISCUSSION

■ The issue before the Court is whether the Court should sustain the Debtors' objection to the Trustee's final report and grant the Debtors' motion to file a late proof of claim on behalf of the IRS. As discussed below, in the absence of controlling precedent, this Court agrees with and adopts the rationale of persuasive authorities which provide that the IRS's proof of claim for priority taxes be accorded priority status, even though untimely filed.

The issue here is similar to that in *Matter of Brenner*, 160 B.R. 302 (Bankr.E.D.Mich. S.D.1993). In *Brenner*, the IRS filed a proof of claim for a priority tax after the claims bar date had passed. There, as here, the Trustee objected to the claim, arguing that it was not timely filed and therefore should be subordinated to all other claims pursuant to § 726(a)(3). The court held that the priority status of the IRS claim took precedence over its untimeliness, and ordered that the claim should be afforded priority because the following elements were present:

1) The IRS filed its proof of claim before the Trustee made any distribution;

2) The bankruptcy court had not closed the estate;

3) The IRS had not exhibited any indicia of bad faith; and

4) There would be no undue prejudice to the creditors.

*Id.* at 306.

The *Brenner* court's holding was based upon two recent Circuit Court of Appeals decisions which this Court finds highly persuasive. *In re Century Boat Co.,* 986 F.2d 154 (6th Cir.1993); *United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir. 1990).

In *Century Boat,* the IRS filed a proof of claim long after the bar date, and almost two years after receiving notice of the bankruptcy. Nonetheless, the Sixth Circuit held that the IRS claim was entitled to priority status. The court found that "a priority creditor who fails to receive notice of the bankruptcy and consequently files an untimely proof of claim is not barred from receiving priority distribution as a matter of law." *Century Boat,* 986 F.2d at 158. The court further concluded that the IRS should receive priority distribution even though it did not file a claim for almost two years after receiving notice of the bankruptcy, because there had been no distribution and there was no evidence of bad faith or unreasonable delay. *Id.*

In *Century Boat,* the Sixth Circuit relied upon its earlier opinion in *United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir.1990). In *Cardinal Mine,* the debtor filed a Chapter 7 petition on October 25, 1983. The IRS was not listed as a creditor and did not receive notice. The IRS learned of the bankruptcy on September 27, 1985, and filed a priority claim for employment taxes on October 7, 1985, more than a year after the claims bar date. The court analyzed the relationship between 11 U.S.C. §§ 507 and 726, and found that the priority status afforded by § 507 was not precluded by § 726 provisions regarding order of distribution for tardily filed claims:

The language of section 726 does not itself bar tardily filed priority claims. Subsec-

tion (a)(1) merely provides that the order of distribution of priority claims will be the order specified in section 507. This subsection makes no distinction between tardily filed and timely filed priority claims or between tardily filed claims where the priority creditor had notice or had no notice.

*Cardinal Mine,* 916 F.2d at 1091.

The court went on to find that the statutory scheme made the priority status of the claim more important, for distribution purposes, than the timeliness of filing:

There are valid reasons for permitting all tardily filed priority claims to be paid whether or not the creditor had notice.... Congress has chosen to place certain taxes in the privileged category. Congress has expressed itself that these claims are to be paid first. Since their priority is set in the statute, it is reasonable that that priority is more important than whether they were tardily filed either because they had received no notice of the bankruptcy or for some other reason.

*Id.* Accordingly, the court held that the tardily filed IRS claim should be treated the same as a timely filed priority claim entitled to distribution under § 726(a).

█ This Court finds that the Sixth Circuit's analysis of the treatment of tardily filed priority claims, as amplified by the factors considered in *Brenner,* accurately interprets the intention and effect of the relevant Bankruptcy Code provisions. Claims that are deemed priority claims pursuant to § 507 are entitled to priority distribution under § 726(a)(1), where a proof of claim is filed before distributions are made, the estate is not closed, there is no indicia of bad faith, and the priority treatment does not unduly prejudice other creditors. This is so whether or not the priority claim is timely filed.

Each of the factors that supported priority treatment of the untimely IRS claim in *Brenner* is present in the instant case: The Debtors have objected to the Trustee's Final Report and there has been no distribution as proposed therein. The estate has not been closed. The Trustee has not alleged any bad faith on the part of the IRS in tardily filing its claim, nor is any bad faith apparent from the record. Finally, according priority status

to the IRS claim does not unduly prejudice other creditors, in that no distributions have been made to creditors during this case and the Trustee's report reflects that distributions to unsecured creditors would be *de minimis* (less than 3%) in any event. Under these circumstances, per the analysis in *Century Boat, Cardinal Mine,* and *Brenner,* the IRS's claim, to the extent that it is ultimately allowed and liquidated [1], is entitled to priority in distribution.

Accordingly, the proof of claim filed by the IRS in this case shall be treated as a priority claim under 11 U.S.C. §§ 507 and 726(a)(1). The Trustee's objection to the IRS's claim is overruled. The Debtors' objection to the Trustee's final report is sustained, and the Trustee shall file an amended final report after the validity and amount of the IRS's claim has been finally adjudicated. The Debtors' motion to file a late claim on behalf of the IRS is denied as moot, because of this Court's decision as to the treatment to be afforded to the IRS's own late filed claim. The Court does not here determine the validity or amount of the IRS claim; those matters will be resolved in the pending adversary proceeding.

**DONE AND ORDERED.**

1. The Court notes that the Debtors do not concede that the IRS is correct in claiming the additional tax; for purposes of the motions under consideration here, they merely assert, correctly, that if the additional taxes *are* due, they are entitled to priority status in the bankruptcy case. The Debtors have commenced an adversary proceeding to determine the validity and amount of the tax pursuant to 11 U.S.C. § 505, and the trial is set in August 1994.