**In re Michael T. BUCK and Laurie M. Buck, Debtors.**

**Bankruptcy No. 4–92–946.**

United States Bankruptcy Court, D. Minnesota.

Sept. 30, 1994.

Ian Traquair Ball, Minneapolis, MN, for debtors.

Stephen J. Creasey, Minneapolis, MN, for trustee.

Michael A. Urbanos, Sp. Asst. U.S. Atty., St. Paul, MN, for I.R.S.

## MEMORANDUM ORDER

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on the 2nd day of June, 1994, on a motion by Michael and Laurie Buck ("the Debtors") to confirm modification of their chapter 13 plan, and on an objection to the motion by the Internal Revenue Service ("IRS"). Appearances were as follows: Michael Urbanos for the IRS; Ian T. Ball for the Debtors; and Stephen Creasey for the chapter 13 trustee.

### FACTS AND BACKGROUND

The Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on February 5, 1992. The Debtors did not list the IRS as a creditor on their schedules, and therefore the IRS did not receive the initial notice of the Debtors' bankruptcy. The Debtors did, however, inform the IRS by letter dated March 26, 1992 that they had filed a chapter 13 petition and that they estimated the IRS' claim to be $739.17. The IRS concedes that it had notice of the Debtors' bankruptcy in order to timely file a proof of claim.

On April 2, 1992, the Debtors' chapter 13 plan was confirmed. The plan provided for full payment of all secured and priority debts in the amount of $14,281, and an undetermined distribution on unsecured nonpriority debts. The terms of the plan required Debtors to pay $275 per month for 60 months, for a total payment of $16,500. Debtors' plan did not distinguish between tardily and timely filed claims.

The last date to timely file a proof of claim was June 15, 1992. At that point, the IRS had an established generally known administrative policy pursuant to which it deliberately chose not to file proofs of claim in bankruptcy cases unless the tax liability was equal to or greater than $750. Accordingly, the IRS consciously decided not to file a proof of claim in Debtors' bankruptcy case. Neither the Debtors nor the chapter 13 trustee filed a claim on behalf of the IRS.

On December 9, 1992, the Debtors filed a motion to confirm a modified plan to reduce the payments of nonpriority unsecured claims to 41 percent and to reduce the payment to the chapter 13 trustee to $225 per month. Again, the plan did not distinguish between tardily and timely filed claims. The IRS received notice of the motion and did not object. The modified plan was confirmed on January 1, 1993.

On May 9, 1994, the Debtors filed the current motion to confirm a second modified plan to reduce the payment of unsecured nonpriority claims to 21 percent and to reduce the payment to the chapter 13 trustee to $125 per month. The reduction reflects a change in the Debtors' expenses due to their marital dissolution. Further, in apparent response to our decision in *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn.1992), Paragraph 5 of the second modified plan provides: ADDITIONAL PROVISION: TARDILY FILED CLAIMS EXCLUDED FROM DISTRIBUTION AND DISCHARGED UPON COMPLETION OF PLAN."

On May 27, 1994, more than two years after the Debtors filed their petition for relief, the IRS tardily filed a priority claim in the amount of $739.17. On the same day, the IRS also objected to the motion to confirm the second modified plan. While the IRS does not object to the modification to reduce the payments from $225 to $125, it does object to Paragraph 5 of the second modified plan since it provides for zero payments on its priority claim.

As of May, 1994, the Bucks had paid $5,575 to the chapter 13 trustee, and had approximately three years until completion of the plan. During the first two years, the Debtors made payments into their plan and the trustee administered it on the assumption that the IRS was not participating in the case as a priority creditor. However, even if Debtors again modified their plan to reduce payments to $125 per month, Debtors would still be paying enough funds to the chapter 13 trustee to pay the IRS' priority claim in full.

## DISCUSSION

The IRS takes the position that Debtors may not modify their plan to disallow tardily filed claims because inclusion of that language would be to effect a zero distribution to a priority claim. A chapter 13 plan must "provide for" the payment of priority claims in full. 11 U.S.C. § 1322(a)(2). A modified chapter 13 plan must meet the requirements of § 1322. 11 U.S.C. § 1329(b)(1). Since the plan cannot be modified to exclude it from any distribution, the IRS asserts it is entitled to treatment under the first modified plan. The first modified plan provided for payment in full of priority claims.

The Debtors assert that the IRS should be estopped from objecting to modification of the plan which will exclude late filed claims and from payment on its priority claim. According to the Debtors, the IRS cannot properly defer filing a claim and then insist on participating as a fully paid priority claimant in the case more than two years later.

This case raises the exact same question I previously addressed in *In re Friauf,* 172 B.R. 273 (Bankr.D.Minn. 1994). *Friauf* involved virtually identical facts, except that the IRS tardily filed a proof of claim four and one-half years after the debtor filed her petition for relief, instead of two years after the petition was filed. In *Friauf* I held that, as a matter of law, the debtor's original plan "provided for" full payment of the IRS' claim. I further held that the IRS' claim maintained its priority status regardless of whether the claim was tardily filed. Finally, I concluded and once the IRS actually filed its proof of claim, it was entitled to be paid on a priority basis, *in futuro,* until such time as the debtor completed payments under the plan. At the completion of the plan, however, Debtor was entitled to her discharge and IRS could not receive any more funds.

Like *Friauf,* Debtors' first amended plan provides for full payment of the IRS' priority claim. As such, once the IRS filed its proof of claim, it became entitled to be paid on a priority basis, *in futuro,* until the Debtors complete the payments under the plan in approximately two years. The only difference is that, unlike the *Friauf* decision, the IRS filed its claim with significantly less delay. Therefore, Debtors have ample opportunity to fully pay the IRS' claim on a priority basis before completion of their five-year plan.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Debtors' motion to modify their plan is granted to reduce Debtors' payments from $225 to $125 per month;

2. The Debtors' motion to modify the plan to include Paragraph 5 is denied; and

3. The IRS shall be entitled to full payment of its priority claim, *in futuro,* on a priority basis.