Like *Friauf,* Debtors' first amended plan provides for full payment of the IRS' priority claim. As such, once the IRS filed its proof of claim, it became entitled to be paid on a priority basis, *in futuro,* until the Debtors complete the payments under the plan in approximately two years. The only difference is that, unlike the *Friauf* decision, the IRS filed its claim with significantly less delay. Therefore, Debtors have ample opportunity to fully pay the IRS' claim on a priority basis before completion of their five-year plan.

**In re Christine FRIAUF, Debtor.**

**Bankruptcy No. 4–89–4175.**

United States Bankruptcy Court,
D. Minnesota.

Sept. 30, 1994.

Ian Traquair Ball, Minneapolis, MN, for debtor.

Stephen J. Creasey, Minneapolis, MN, for trustee.

Michael A. Urbanos, Sp. Asst. U.S. Atty., St. Paul, MN, for I.R.S.

### MEMORANDUM ORDER

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on the 2nd day of June, 1994, on a motion by Christine Friauf ("Debtor") to confirm modification of her chapter 13 plan, and on an objection to the motion by the Internal Revenue Service ("IRS"). Appearances were as follows: Michael Urbanos for the IRS; Ian T. Ball for the Debtor; and Stephen Creasey for the chapter 13 trustee.

### FACTS AND BACKGROUND

Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on September 1, 1989. On her schedules, Debtor listed the IRS as a creditor holding an unsecured priority claim in the amount of $1,714. The IRS received the notice of the filing of the case and of the last day to timely file a proof of claim. The notice provided that "Any claim received after the date to timely file a proof of claim ... will be filed as a claim filed tardily without distribution under the plan except as may be provided otherwise pursuant to Local Rule."

On November 2, 1989, Debtor's chapter 13 plan was confirmed without any objections. The plan provided for payment of all secured and priority claims in the amount of $4,758, including the IRS' claim. The plan also provided for payment of 51 percent of unsecured nonpriority claims. The terms of the plan required Debtor to contribute $400 per month for 60 months, for a total payment of $24,000. Debtor's plan did not distinguish tardily from timely filed claims.

The last date to timely file a proof of claim was January 18, 1990. At that point, the IRS had an established generally known administrative policy pursuant to which it delib-

erately chose not to file proofs of claim in bankruptcy cases unless the tax liability was equal to or greater than $2,000. Accordingly, the IRS consciously chose not to timely file a proof of claim in Debtor's bankruptcy case. Neither Debtor nor the chapter 13 trustee filed a claim on behalf of the IRS.

For nearly four and one-half years, the Debtor made payments into the plan and the trustee administered it on the assumption that the IRS was not participating in the case as a priority creditor. By April of 1994, Debtor had paid $20,000 to the Chapter 13 trustee, was delinquent in making payments under the plan, and was four months away from the maximum 60 month term of such plans.

On February 18, 1994, nearly four and one-half years after Debtor filed her petition for relief, in an apparent response to our decision in *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn.1992) and as a result of a change in its administrative policy, the IRS filed a claim in the amount of $1,654.34 ("claim") and sought priority status. Debtor has not objected to the claim. Rather, because Debtor is unable to make the rest of her payments under the plan, Debtor filed a motion to confirm a modified plan to reduce her payments on unsecured claims to 43 percent of each claim and to reduce her payments to the trustee to $100 per month. In addition, in order to address the tardily filed IRS claim, Paragraph 5 of the modified plan provides: "ADDITIONAL PROVISION: TARDILY FILED CLAIMS EXCLUDED FROM DISTRIBUTION AND DISCHARGED UPON COMPLETION OF PLAN."

The IRS has objected to confirmation of the modified plan. It does not object to the modification to reduce payments from $400 to $100. The IRS does assert that it must be paid its tardily filed priority claim and that, accordingly, Paragraph 5 of the modified plan is objectionable because it provides for zero payments on its claim.

## DISCUSSION

### A. *Positions of the Parties*

The IRS takes the position that Debtor may not modify the plan to disallow tardily filed claims because inclusion of that language will be to effect a zero distribution to a priority claim. A chapter 13 plan must "provide for" the payment of priority claims in full. 11 U.S.C. § 1322(a)(2). A modified chapter 13 plan must meet the requirements of § 1322. 11 U.S.C. § 1329(b)(1). Since the plan cannot be modified to exclude it from any distribution, the IRS asserts it is entitled to treatment under the plan as originally filed. The original plan called for payment in full of priority claims.

The Debtor asserts that the IRS should be estopped from objecting to modification of the plan which will exclude late filed claims and from payment on its priority claim. According to the Debtor, the IRS cannot properly defer filing a claim and then insist on participating as a fully paid priority claimant in the case four and one-half years later. This is especially inequitable, Debtor asserts, because the entry of the IRS into the case at this time will almost certainly destroy Debtor's opportunity for a discharge and leave the Debtor, who has acted in good faith, with debts and interest thereon that otherwise would have been discharged upon completion of the plan.

Both sides have missed the mark. Debtor is seeking to modify the plan to explicitly exclude the IRS as a creditor. She should instead consider the treatment the IRS would receive under the original plan. If the IRS is not entitled to payment in full under the original plan, there is no need to attempt modification to exclude the IRS as a creditor.

### B. *Treatment Under the Original Plan*

#### 1. *Allowance of the Claim*

█ In this jurisdiction, it is well settled that a tardily filed claim in a chapter 13 case that has not been objected to is an allowed claim unless it comes within the statutory exceptions to allowance. *In re Hausladen*, 146 B.R. 557, 559 (Bankr.D.Minn.1992). Therefore, until objected to, the IRS' claim is allowed and the IRS' rights are controlled by the language of the chapter 13 plan. *Id.* at 560.

### 2. *Priority of the Claim*

■ The original plan does not differentiate between the treatment of tardily filed and timely filed claims. Instead, the plan provides for full payment of the IRS' priority claim.

■ The fact that the IRS' claim was tardily filed is irrelevant for purposes of maintaining its priority. Many courts have held, and I agree, that a late filed priority claim in a chapter 7 case keeps its priority status and is entitled to distribution under § 726(a)(1). *See, e.g., United States v. Towers (In re Pacific Atlantic Trading Co.)*, 33 F.3d 1064, 1067 (9th Cir.1994); *United States v. Vecchio (In re Vecchio)*, 20 F.3d 555, 557 (2d Cir. 1994); *Internal Revenue Service v. Century Boat Co. (In re Century Boat Co.)*, 986 F.2d 154, 158 (6th Cir.1993) (limiting the holding to priority creditors who lacked notice of the bankruptcy); *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1091–92 (6th Cir.1990); *In re Miller*, 171 B.R. 163, 165 (Bankr.S.D.Fla.1994); *In re Brenner*, 160 B.R. 302, 306 (Bankr.E.D.Mich.1993) (imposing some limitations to the rule); *In re Rago*, 149 B.R. 882, 888 (Bankr.N.D.Ill.1992). *But see In re Brennan*, 167 B.R. 316, 318 (Bankr.D.Mass.1993) (holding that the IRS' claim lost its priority status when tardily filed); *In re Kragness*, 82 B.R. 553, 556–57 (Bankr.D.Or.1988).

■ Likewise, a tardily filed priority claim in a chapter 13 case should maintain its priority regardless of its untimely filing. Chapter 13 of the Code does not draw a distinction between the treatment of tardily filed and timely filed priority claims. In fact, the Code mandates that, for a plan to be confirmable, the plan must provide that all claims entitled to priority under § 507 be paid in full unless the priority claim holder agrees to different treatment. *See* 11 U.S.C. § 1322(a)(2). Section 507, in turn, does not distinguish between timely filed and tardily filed claims when establishing the priorities.

Accordingly, under the terms of the original plan, the IRS is entitled to payment of its claim on a priority basis regardless of whether the claim was tardily filed.

### C. *Payment of the Claim*

■ The fact that the Debtor's plan "provides for" payment in full of the IRS' priority claim does not, however, mandate that IRS be paid in full before Debtor receives a discharge. Under the circumstances presented by this case, the Debtor need not actually pay the claim in full in order to receive a discharge.

■ Here, the plan originally filed provided for payment in full of priority claims as required by § 1322(a). It met the standards for confirmation. Now that the IRS has filed its claim it is entitled to be paid on a priority basis until such time as Debtor completes payments under the plan. As soon as Debtor completes payments under the plan, however, she is entitled to a discharge of all debts "provided for" by the plan with exceptions noted in 11 U.S.C. § 1328(a) not applicable here. Debtor will complete her payments under the plan before she pays all priority claims in full. This is not the fault of the Debtor. Rather, it is due to the extreme and purposeful delay of the IRS in filing its claim. A plain reading of sections 1322(a) and 1328(a) of the Bankruptcy Code compels the conclusion that, while the IRS is entitled to be paid on a priority basis, *in futuro*, Debtor is entitled to a discharge once she has made all payments under the plan.

ACCORDINGLY IT IS HEREBY ORDERED THAT:

1. The Debtor's motion to modify her plan is granted to reduce Debtor's payments from $400 to $100 per month;

2. The Debtor's motion to modify the plan to include Paragraph 5 is denied as unnecessary; and

3. The Debtor shall be granted her discharge upon completion of payments under the plan as modified.