**In re BURNHAM, CONNOLLY, OESTERLE AND HENRY, Debtor.**

**Bankruptcy No. 88–07645–R.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Oct. 27, 1994.

Kenneth Schneider, Detroit, MI, for trustee.

Trevor Wetherington, Sp. Asst. U.S. Atty., Detroit, MI, for I.R.S.

*SUPPLEMENTAL OPINION REGARDING TRUSTEE'S OBJECTION TO THE IRS CLAIM*

STEVEN W. RHODES, Bankruptcy Judge.

This matter was brought before the Court upon the trustee's objection to a late claim

filed by the Internal Revenue Service ("IRS"). Following oral argument, this matter was taken under advisement. The Court sustains the trustee's objection and disallows the late filed claim of the IRS in its entirety.[1]

## I.

On November 9, 1988, debtor, Burnham, Connolly, Oesterle and Henry, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The initial notice of the meeting of creditors designated this case as a chapter 7 no asset case.

On December 29, 1988, the Clerk of the Bankruptcy Court issued a "Notice of Need to File Proof of Claim Due to Recovery of Assets" setting March 29, 1989 as the deadline date for filing claims.

On June 21, 1994, more than five years after the deadline date for filing claims, the IRS filed a proof of claim in the amount of $111,492.66 for unpaid withholding taxes for the first and second quarters of 1988 and a FUTA liability for 1988. The claim consisted of a priority claim of $81,231.58 and an unsecured general claim in the amount of $30,261.08.

The IRS stated that it closed its file on this case on April 13, 1990 as a no asset case upon the belief that there would be no expected distribution. Because the file was destroyed,[2] the IRS does not know if or when it received notice of the need to file a proof of claim.

The IRS stated that the need to file a proof of claim was brought to the attention of its Special Procedures Branch by the revenue officer assigned to collect liabilities from the partners. The IRS did not indicate when this notification occurred.

On August 31, 1994, the trustee filed an objection to the proof of claim. The basis of the objection is that the claim was not timely filed as required by Fed.R.Bankr.P. 3002(c) and that it should therefore be disallowed, or

at least subordinated to all other allowed claims pursuant to 11 U.S.C. § 726.[3]

## II.

The IRS first argues that pursuant to Bankruptcy Rule 3003, at least $75,651.42 of its claim should be allowed because the debtor listed that amount of the claim on its schedules, therefore, it did not need to file a proof of claim.

Rule 3003 provides in pertinent part:

(a) **Applicability of Rule.** This rule applies in chapter 9 and 11 cases.

(b)(1) **Schedule of Liabilities.** The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors.... It shall not be necessary for a creditor ... to file a proof of claim ....

Rule 3003 applies only to cases filed under chapter 9 or 11. This case was filed under chapter 7. Accordingly, Rule 3003 does not apply and a proof of claim is required.

## III.

11 U.S.C. § 502(a) states that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 501 sets forth the parties who have the right to file. The time for filing a proof of claim is governed by Bankruptcy Rule 3002 which states in pertinent part:

(a) **Necessity for Filing.** An unsecured creditor ... must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed....

....

(c) **Time for Filing.** In a chapter 7 liquidation ... a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

---

1. This opinion supplements an opinion given in open court on October 11, 1994.

2. Closed files are routinely destroyed after two or three years. *See* United States' Response, p. 2.

3. However, because of the assets in the estate, subordination is the functional equivalent of disallowance.

. . . .

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and `subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

In *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich.1993), the court analyzed the interrelationship of §§ 501, 502 and Rule 3002. The court disallowed a claim in a chapter 13 case where the creditor had not filed its claim by the deadline established in Rule 3002. The court held that a prerequisite to allowing a claim under § 502 is satisfaction of the procedural requirements of Rule 3002, specifically the time requirement for filing a· claim.[4]

Courts have allowed late filed claims in limited circumstances. In *U.S. v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir. 1990), the court allowed a late filed priority claim of the IRS where the IRS had not received notice of the bankruptcy. "Due process and equitable concerns require that when a creditor does not have notice of the bankruptcy, the creditor must be permitted to file tardily when the creditor does so promptly after learning of the bankruptcy." *Id.* at 1089. The court suggested in dicta that all tardily filed priority claims should be paid whether the creditor received notice or not. While the court engaged in lengthy discussion of the importance of priority claims compared to other unsecured claims, the basis for allowing the claim was that the creditor had not received notice, not the fact that the claim was a priority claim.

In *In re Century Boat Co.,* 986 F.2d 154 (6th Cir.1993), the court again examined the allowance of a late filed priority claim. In that case, as in *Cardinal Mine Supply,* the IRS did not receive notice of the bankruptcy until almost two years after the filing. However, the IRS did not file its proof of claim until two years after notice of the bankruptcy. The trustee argued that the claim should be disallowed because it was not filed

promptly after the IRS learned of the bankruptcy. In allowing the claim, the court recognized that *Cardinal Mine Supply* established a narrow exception for late filings by priority creditors who lacked notice of the bankruptcy. The court stated however that not every priority creditor could invoke the holding of *Cardinal Mine Supply.* At a minimum:

1) the creditor must file its proof of claim before the trustee makes any distribution from the estate;

2) the creditor must file its proof of claim before the bankruptcy court closes the estate;

3) there must not be evidence of bad faith on the part of the creditor; and

4) there must not be undue prejudice to other creditors.

*See In re Century Boat Co.* at 158.

In the present case the IRS relies on *In re Brenner,* 160 B.R. 302 (Bankr.E.D.Mich. 1993), in support of its position that its tardy proof of claim should be allowed. In *Brenner,* the court applied the requirements established in *Century Boat* to allow the priority claim of the IRS. However, unlike in *Century Boat,* the creditor in *Brenner* did receive notice of the bankruptcy and of the need to file a proof of claim. Thus the court in *Brenner* extended *Century Boat* to allow the claim of any priority creditor who files late if the four part test is met.

This Court declines to extend the holding of *Century Boat* in that way. *Century Boat* narrows the holding of *Cardinal Mine Supply* to allow a priority creditor that did not receive notice to file a late claim only if certain conditions are met. A precursor to analysis of those conditions is lack of notice. Application of the four part test in *Century Boat* is appropriate only when the creditor has not received the proper notice.

■ Here, the IRS states that it does not know if it received notice because it destroyed the file. ·However, the IRS was listed on the matrix so it can be presumed that it received notice of the need to file a proof of claim. *In re Yoder Co.,* 758 F.2d 1114 (6th Cir.1985); *In re Dodd,* 82 B.R. 924 (Bankr.

---

4.  *See also* 3 *Collier on Bankruptcy* ¶ 502.01[1], at   502–9 (Lawrence P. King ed., 15th ed. 1993).

N.D.Ill.1987). The IRS did not file its proof of claim until more than five years after the bar date had passed. The IRS offers no excuse for its failure to file.[5]

The deadlines set for filing indicate that it is in the interest of the estate to encourage timely filing. To allow a creditor, priority or not, who received notice of the bankruptcy to file a proof of claim more than five years late would be inconsistent with the goal of Bankruptcy Rule 1001, which is "... to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R.Bankr.P. 1001.

This Court agrees with the holding and rationale of *In re Zimmerman.*[6] While *Zimmerman* involved a chapter 13 bankruptcy and this case is under chapter 7, both chapter 13 and chapter 7 are governed by the requirements of Rule 3002. Allowance of a late filed claim in these circumstances would render Rule 3002 meaningless.

While priority claims are granted special status in distribution,[7] they still must comply with the filing requirements of Rule 3002. Accordingly, the proof of claim of the IRS is disallowed.

---

**5.** Even if the IRS did offer a reason for its failure to file a proof of claim, it is questionable whether the Court could, consistent with the Rules, extend the time for filing. Rule 9006(b)(1) permits the court to extend the time for filing a proof of claim where the failure to do so was the result of excusable neglect. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court applied the "excusable neglect" standard to a late filed proof of claim in a chapter 11 case. The Court noted in dicta that the "excusable neglect" exception is limited by the Bankruptcy Rules. "Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the 'excusable neglect' standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in chapter 7 cases. Such filings are gov-

erned exclusively by Rule 3002(c)." *Id.* at —— n. 4, 113 S.Ct. at 1495 n. 4.

**6.** Trustee argues that *In re Johnson,* 901 F.2d 513 (6th Cir.1990) controls. *Johnson* involved a late filed claim of the IRS for administrative expenses incurred in a chapter 11 and sought subsequent to conversion to chapter 7. While this holding is consistent with *Johnson* in that it denies the IRS' late filed claim, *Johnson* focused more on the necessity of filing a claim than on the allowance of a late filed claim. Once the court determined that it was necessary to file the claim it summarily stated that the claim was not allowed because it was filed after the deadline established in Rule 1019.

**7.** *See* 11 U.S.C. § 726.