**In re Robert and Ruth COLE, Debtors.**

**Bankruptcy No. 91–43040–7–1–KMS.**

United States Bankruptcy Court,
W.D. Missouri.

Sept. 21, 1994.

Gary D. Barnes, Husch & Eppenberger, Kansas City, MO, for trustee.

Douglas S. Polsky, Kansas City, MO, for IRS.

### ORDER ALLOWING AND SUBORDINATING CLAIM OF INTERNAL REVENUE SERVICE

KAREN M. SEE, Bankruptcy Judge.

On February 2, 1994, the court held a hearing on the response of the Internal Revenue Service to an order to show cause for disallowance of its claim. Douglas S. Polsky appeared for the IRS and Gary D. Barnes appeared for the bankruptcy trustee. The court made an oral ruling from the bench on that day.

The issue at the hearing was whether the IRS' late-filed priority claim, filed eight months after the bar date, should be allowed. If the IRS claim is allowed and given priority, all funds in the estate would be paid to the IRS and no distribution would be made to unsecured creditors, who incurred significant expense to get the case transferred from Texas to the proper venue in Missouri and to assist the trustee in recovering assets which comprise the estate. Without the efforts of these unsecured creditors, there would be no assets in the estate.

Subsequently, the IRS filed a motion for reconsideration of the oral ruling in light of recent cases not briefed by the parties. The court will grant the motion and incorporate its new holding into this written opinion and order. The court finds that the IRS claim will be allowed, but equitably subordinated to a tier below that of the claims of general unsecured creditors.

The facts are undisputed. The IRS and Trustee agreed the court could take judicial notice of the files and records of this case and stipulated to the following facts:

1. The IRS was scheduled as a creditor in Debtors' schedules at the time of filing this proceeding in Texas.

2. The IRS was listed as a creditor at both a Texas address and a St. Louis, Missouri address on the mailing matrix prior to service of the Bar Notice.

3. The IRS admits the St. Louis, Missouri address is a proper address for service on the IRS.

4. The IRS did not timely file a motion to extend the time to file a claim within 90 days of the first date set for the meeting of creditors.

5. On March 31, 1992, the IRS sent the Debtors a Notice of Deficiency for the tax years 1983 through 1987, and this is the debt for which the claim of the IRS was filed.

6. The Bar Notice certifies on its face that the Bar Notice was sent to the IRS and also to "all creditors".

7. The IRS claim was filed on March 10, 1993, eight months after the bar date of July 9, 1992.

The court finds that the IRS received timely notice of the bar date for filing claims, and the IRS does not dispute that it timely received the bar notice. Roberta Kostrow, Operations Manager in the Office of the

Clerk of the Bankruptcy Court since 1989, testified that the "Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates" ("Notice of Commencement of Case") was prepared by the Clerk's office when the case was transferred from Texas to the Western District of Missouri. She testified that: the Notice of Commencement of Case was served in the ordinary course of business of the Clerk's office; the IRS was listed three times on the mailing matrix of entities on whom the Notice was served; and the certificate of mailing on the Notice of Commencement of Case states it was served on "all creditors" and the "IRS".

Ms. Kostrow testified that: the notice of the last date to file claims in this case (the "Bar Notice") was prepared in the Clerk's Office in the ordinary course of business; it was served on "all creditors" by separate mailing ("all creditors" would include the IRS); and the certificate of service also states specifically that it was served on the IRS. She testified the IRS was served with at least three and possibly even four copies of the Bar Notice. Ms. Kostrow then testified that at least three copies of the "Discharge of Joint Debtors," dated December 1, 1992, were served on the IRS.

Ms. Kostrow testified that the Notice of Commencement of Case, the Bar Notice and the Discharge of Joint Debtors were not returned as undeliverable or otherwise. Finally, Ms. Kostrow testified that: during the entire time this case has been pending in the Western District of Missouri, a local rule of this bankruptcy court required the IRS to be on the mailing matrix of all creditors in every case; based upon her review of the files and records of this case, the IRS was on the mailing matrix at three addresses, including the address to which the IRS specifically requested that it be sent notice from December 19, 1991, through December 1, 1992; and based upon her review of the files and records she believed the IRS was served with the Notice of Commencement of Case, the Bar Notice and the Discharge of Joint Debtors to at least three addresses including the address at which the IRS had specifically requested that it be served pleadings. The Notice of Commencement of Case, the Bar Notice and the Discharge of Joint Debtors were admitted into evidence. These documents support Ms. Kostrow's testimony that at least three copies of these pleadings were served on the IRS and were served on the IRS at the address to which it had specifically requested to be sent notice.

Bankruptcy Code § 501 addresses the filing of proofs of claim. Section 501(a) states "[a] creditor ... may file a proof of claim." Section 501(c) provides that if a creditor does not timely file a proof of claim, the debtor or a trustee may file such claim. The time limits for filing a proof of claim are set out in the Bankruptcy Rules and these Rules implement § 501.

Bankruptcy Rule 3002 provides the mechanics for filing a proof of claim. Rule 3002(a) states: "An unsecured creditor or an equity security holder *must* file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004 and 3005 [emphasis added]." Rule 1019(3) relates to claims filed in a superseded case, Rule 3003 relates to claims in Chapter 9 and Chapter 11 cases, Rule 3004 relates to claims filed by the Debtor or the Trustee, and Rule 3005 relates to claims filed by guarantors, sureties, endorsers or other co-debtors. None of these exceptions apply to the present case.

Bankruptcy Rule 3002(c) provides that a proof of claim in a Chapter 7 case *shall* be filed within 90 days after the first date set for the meeting of creditors unless one of six enumerated exceptions is applicable. One of the exceptions in Rule 3002(c)(1) provides that "[o]n motion of the United States, a state, or subdivision thereof before the expiration of such period [90 days after the first date set for the meeting of creditors] and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof."

In its February 2, 1994 oral ruling, which was not yet reduced to writing when the IRS filed a motion for reconsideration, this court followed courts that have construed Rule 3002(c) as a statute of limitations which bars

the late filing of claims and must be strictly construed. *See In re Bailey*, 151 B.R. 28, 30 (Bankr.N.D.N.Y.1993); *In re Duarte*, 146 B.R. 958 (Bankr.W.D.Tex.1992); *In re Nohle*, 93 B.R. 13, 15 (Bankr.N.D.N.Y.1988). *Duarte* held that absent the presence of one of the six enumerated exceptions in Rule 3002(c), the time to file a claim cannot be enlarged by the bankruptcy court. A prior decision in this district held that a late-filed IRS claim should not be permitted absent good cause shown in a timely motion to extend the time to file a claim. *In re Crisp*, 92 B.R. 885, 886 (Bankr.W.D.Mo.1988). The court finds in the present case that the IRS claim was not timely filed. However, in light of recent cases cited in the IRS' Motion for Reconsideration, the court will modify its oral ruling applying a bar date for filing of priority claims, including IRS claims.

▪ Under the analysis of *In re Pacific Atlantic Trading Co.*, 33 F.3d 1064 (9th Cir. 1994), and *In re Vecchio*, 20 F.3d 555 (2d Cir.1994), the subordination in § 726(a)(3) for unsecured creditors that file late claims does not apply to priority unsecured creditors such as the IRS. The IRS is provided for in § 726(a)(1), which has no provision for tardy claims comparable to that in § 726(a)(2) and (3). According to these new circuit court cases, Rule 3002(c) is not a statute of limitations and does not bar the IRS' late filed claim. Therefore, the IRS may file a late claim and still receive a priority distribution.

The Sixth Circuit was the first circuit to hold that the IRS could file late claims under § 726(a)(1) and receive priority. *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6th Cir.1990). Later, the Sixth Circuit limited its holding to priority claimants who lacked notice. *In re Century Boat Co.*, 986 F.2d 154, 158 (6th Cir.1993).

*Century Boat*, 986 F.2d at 157, held that the IRS, if it files a claim prior to distribution, is entitled to priority under § 726(a)(1), even if the claim is filed late. However, *Century Boat* also states: "At a minimum, the creditor must file its proof of claim before the trustee makes any distribution from the estate and before the bankruptcy court closes the estate. Furthermore, the creditor may not receive priority distribution under

Cardinal Mine Supply if the court finds evidence of bad faith on the part of the creditor or undue prejudice to other creditors." *Century Boat*, 986 F.2d at 158.

In this case, the court finds evidence of undue prejudice to other creditors. In both *Century Boat* and *Cardinal Mine Supply*, the IRS did not receive notice of the bar date. In this case, where the IRS did receive notice, creditors are unduly prejudiced. Here, the IRS filed its claim eight months after the bar date and 11 months after the Notice of Commencement of the Case. The IRS does not dispute that it timely received the Bar Notice. In fact, the IRS received at least three and possibly four copies each of the Notice of Commencement of Case, the Bar Notice and the Discharge of Joint Debtors. All three of the pleadings were served on the IRS at the official address to which the IRS specifically requested that it be sent notice. The IRS did not offer any evidence of any problem with receipt or mailing of these pleadings and no basis was established for allowing an informal proof of claim. If the claim of the IRS is given priority, there will be no distribution to the unsecured creditors because the IRS claim will consume the entire bankruptcy estate. The unsecured creditors are unduly prejudiced because there would be no estate but for their efforts and expenditures for legal fees to assist the trustee in extensive litigation which produced all the assets in the case.

The court takes judicial notice of its files and records and finds that certain unsecured creditors expended substantial money and effort to have this case transferred from Texas where it was initially incorrectly filed. Those creditors and the trustee were involved in extensive litigation which generated the assets which comprise the bankruptcy estate. It would be an unfair result for the IRS to file a claim after the bar date and consume all assets ahead of those diligent unsecured creditors.

The doctrine of equitable subordination has been applied in cases similar to this in order to prevent undue prejudice to other creditors. *In re Vecchio*, 20 F.3d 555 (2d Cir.1994); *In re Rago*, 149 B.R. 882 (Bankr.

N.D.Ill.1992). When the Second Circuit remanded *Vecchio* to the bankruptcy court to determine if the IRS should be equitably subordinated, it cited *In re Rago,* 149 B.R. 882 (Bankr.N.D.Ill.1992), with approval. *Vecchio,* 20 F.3d at 560. *Vecchio* stated, "bankruptcy courts have authority to subordinate a late filed priority claim under principles of equitable subordination." *Id.* at 560. *Rago* found that the IRS claim was untimely filed and would normally be given priority status. However, to solve the "difficulty" of *Cardinal Mine Supply,* that the IRS can file a late proof of claim and devour the entire distribution, the court equitably subordinated the IRS claim.

■ Under § 510(c)(1), the court may subordinate under principles of equitable subordination all or part of an allowed claim to all or part of another allowed claim. Section 726 specifically mentions § 510 as an exception to its distribution scheme. Under the *Mobile* test, equitable subordination is appropriate where: 1) the claimant has engaged in some type of inequitable conduct; 2) the misconduct has resulted in injury or harm to the creditors of the debtor; and 3) equitable subordination is not inconsistent with the provisions of the Bankruptcy Code. *In re Mobile Steel Co.,* 563 F.2d 692, 699–700 (5th Cir.1977). The other creditors will be harmed if they receive no distribution because of the IRS' priority claim. Preventing this prejudice is consistent with the policy of the bankruptcy code and not inconsistent with the provisions of the Code. Therefore, the second and third prongs of the *Mobile* test have been met.

■ As to the first prong of the *Mobile* test, in ordinary circumstances it would be questionable whether mere late filing of a priority claim would amount to inequitable conduct, which is usually thought of in terms such as fraud or breach of fiduciary duties. The trustee did not contend that the IRS' action in not filing its claim until after the bar date rose to the level any actual wrongful conduct. However, the court finds the conduct is inequitable under the special circumstances of this case, where the IRS had multiple notices of the bar date and filing of the late claim would deprive the unsecured creditors of any distribution even though the reason there are any assets to distribute is because those creditors spent significant time and money to transfer the case to a proper venue and assist the trustee in recovery of the assets which comprise the estate. But for the creditors' work at the outset, there would be no estate to argue over.

*Rago* applied the equitable subordination doctrine without inequitable conduct. In *In re Virtual Network Services Corp.,* 902 F.2d 1246 (7th Cir.1990), the Seventh Circuit employed § 510(c)(1) to affirm a determination by the district court that a claim for tax penalties owing to the IRS should be subordinated to the claims of general unsecured creditors in a Chapter 11 liquidation. *Virtual Network* concluded that "equitable subordination no longer requires, in all circumstances, some inequitable conduct on the part of the creditor." 902 F.2d at 1250. The basis for the equitable subordination in *Virtual Network* was a determination that a tax penalty, in the context of a liquidation, served no deterrent purpose, and penalized the creditors of the taxpayer's estate rather than the taxpayer.

*Rago* held that where "despite adequate notice or knowledge of the bankruptcy, a priority creditor fails to file a timely proof of claim, it may be equitable to subordinate the creditor's claim to claims that were timely filed." 149 B.R. at 890. This result has been expressly approved by the courts in *Vecchio* and *Century Boat.*

There is no public policy which dictates that negligent priority claimants should be paid over diligent unsecured claimants. Such a policy could lead to abuses and customary filing of late claims by governmental entities. This would cause problems for all parties to bankruptcy proceedings regarding the finality of proceedings. The bankruptcy system could not operate efficiently if priority claimants with timely notice are not required to file their claims before the bar date unless excepted under one of the enumerated exceptions of Bankruptcy Rule 3002(c). This case is distinguishable from many cases cited by the IRS because in this case the uncontroverted evidence is that the IRS had timely

notice of the bar date and did not timely file its claim.

For the foregoing reasons, it is **ORDERED** as follows:

1) The IRS' Motion for Reconsideration is granted;

2) The late-filed priority claim of the IRS is allowed as a late-filed claim but is equitably subordinated to a tier after the claims of general unsecured creditors.