BOYCE F. MARTIN, Jr., Circuit Judge.
 

 The Internal Revenue Service filed an untimely proof of claim against the bankruptcy estate of Century Boat Company for unpaid federal taxes. The bankruptcy trustee for Century Boat objected to the claim on the basis of its untimeliness, and the bankruptcy court sustained the objection. The district court affirmed the decision of the bankruptcy court, holding that the failure of the Internal Revenue Service to file its proof of claim promptly after receiving notice of the bankruptcy deprived it of priority distribution under 11 U.S.C. § 726(a)(1). The Internal Revenue Service appeals the judgment of the district court. Because the Service’s claim is entitled to priority until distribution of the estate, the claim does not lose this priority simply
 
 *156
 
 because the Service filed its claim in an untimely manner.
 

 On December 15, 1986, three creditors of Century Boat filed a petition against the company for involuntary bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701
 
 et seq.
 
 Century Boat did not contest the petition, and David G. Kipley was appointed interim trustee on December 18,1986. The notice of the first meeting of creditors and of the bar date for filing proofs of claim was docketed on April 29, 1987. This notice set the first meeting of creditors for May 28, 1987 and established August 27, 1987 as the bar date for filing all claims against the estate. The schedule of creditors did not list the Internal Revenue Service as a creditor; therefore, the Service did nqf receive a copy of this notice.
 

 The Internal Revenue Service received a letter from the trustee, dated December 2, 1987, notifying the Service that Century Boat was in bankruptcy and that the bar date for filing claims against the estate had passed. The trustee’s letter also provided the Internal Revenue Service with the address of the bankruptcy court in the event that it decided to file a proof of claim. On April 26, 1988, the Internal Revenue Service was first served with the April 27, 1987 notice of the first meeting of creditors and the August 27, 1987 bar date. The bankruptcy court found that, at the latest, the Internal Revenue Service received notice of Century Boat’s bankruptcy on April 26, 1988. As of April 26, 1988, Century Boat had not filed a Form 941 (Employer’s Quarterly Federal Income Tax Return) for withholding and FICA taxes for the fourth quarter of 1986, nor had it filed its Form 940 (Employer’s Annual Federal Unemployment Tax Return) for the payment of federal unemployment (FUTA) taxes for the 1986 tax year. Moreover, Century Boat’s trustee did not file these returns on behalf of Century Boat. As a result, the Internal Revenue Service conducted an audit of Century Boat and filed both delinquent tax returns for Century Boat on March 14, 1989. On March 22, 1990, the Internal Revenue Service filed its first proof of claim against Century Boat for $237,965.75 in unpaid federal taxes. The Internal Revenue Service also asserted that this claim should receive priority distribution over the claims of other general unsecured creditors pursuant to 11 U.S.C. §§ 507(a)(7) and 726(a)(1). Subsequently, the Internal Revenue Service amended this claim to $116,-839.55 on February 21, 1991. No distribution of Century Boat’s estate has been made.
 

 On April 22, 1990, the trustee filed an objection to the priority claim of the Internal Revenue Service on the ground that the Service had not timely filed the claim. On March 11, 1991, the bankruptcy court upheld the trustee’s objection, relying on our decision in
 
 United States v. Cardinal Mine Supply, Inc.,
 
 916 F.2d 1087 (6th Cir.1990). Although it recognized that
 
 Cardinal Mine Supply
 
 allows untimely proofs of claim to retain their priority status in some circumstances, the bankruptcy court construed
 
 Cardinal Mine Supply
 
 to require prompt filing of a proof of claim once the creditor receives notice of the bankruptcy. Because the Internal Revenue Service had not filed its claim until two years after learning of Century Boat’s bankruptcy, the bankruptcy court sustained the trustee’s objection. The district court affirmed the judgment and reasoning of the bankruptcy court.
 

 “[I]n appeals from the decision of a district court on appeal from the bankruptcy court, the court of appeals independently reviews the bankruptcy court’s decision, applying the clearly erroneous standard to findings of fact and
 
 de novo
 
 review to conclusions of law.”
 
 In re G.S.F. Corp.,
 
 938 F.2d 1467, 1474 (1st Cir.1991).
 
 See also In re Martin,
 
 761 F.2d 1163, 1166 (6th Cir.1985). Whether the proof of claim filed by the Internal Revenue Service receives priority despite its untimely filing is a question of law; therefore, we review the conclusion of the bankruptcy court in this case
 
 de novo. See Cardinal Mine Supply,
 
 916 F.2d 1087.
 

 In this case, the Internal Revenue Service is an unsecured creditor because neither a tax lien nor encumbered property secures Century Boat’s obligation. “An
 
 *157
 
 unsecured creditor ... must file a proof of claim or interest ... for the claim or interest to be allowed.” Bankr.R. 3002(a). In a chapter 7 liquidation, the creditor must file the proof of claim within 90 days after the first date set for the meeting of creditors. Bankr.R. 3002(c). The Bankruptcy Code, 11 U.S.C. § 507, establishes which claims against a bankrupt estate receive priority distribution and the order of priority. The Internal Revenue Service’s claim for unpaid federal taxes in this case is entitled to priority under section 507(a)(7). Distribution of the estate follows the order established in 11 U.S.C. § 726, which provides in pertinent part,
 

 (a) Except as provided in section 510 of this title, property of the estate shall be distributed—
 

 (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;
 

 (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
 

 (A) timely filed under section 501(a) of this title;
 

 (B) timely filed under section 501(b) or (c) of this title; or
 

 (C) tardily filed under section 501(a) of this title, if—
 

 (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
 

 (ii) proof of such claim is filed in time to permit payment of such claim;
 

 (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;
 

 [[Image here]]
 

 Therefore, had the Internal Revenue Service received notice and timely filed its proof of claim, the claim would have received priority under section 507(a)(7), and the Internal Revenue Service would have received priority distribution under section 726(a)(1). The Internal Revenue Service, however, argues that our decision in
 
 United States v. Cardinal Mine Supply, Inc.,
 
 916 F.2d 1087 (6th Cir.1990), affords priority distribution for its claim under section 726(a)(1) whether or not the Internal Revenue Service meets the timeliness requirements established in Bankruptcy Rule 3002(c).
 

 In
 
 Cardinal Mine Supply,
 
 we reviewed the priority scheme established in sections 507 and 726 in relation to an untimely proof of claim filed by the Internal Revenue Service for unpaid employment taxes against the debtor’s estate. As in this case, the Internal Revenue Service did not receive notice of the bankruptcy until almost two years after the bar date for filing proofs of claims had passed. In
 
 Cardinal Mine Supply,
 
 the Internal Revenue Service filed its claim as a priority claim within 10 days after it learned that the debtor was in bankruptcy. To determine whether the Internal Revenue Service could receive priority on its claim for taxes despite its failure to meet the timing requirements of the Bankruptcy Rules, we examined the language of sections 507 and 726. We noted that section 726(a)(1), concerning distribution of priority claims, makes no distinction between priority claims which are filed late and those which are filed in a timely manner.
 
 Cardinal Mine Supply,
 
 916 F.2d at 1091. Such a scheme demonstrates that certain taxes are in a privileged category and that those claims are to be paid first.
 
 Id.
 
 Thus, in
 
 Cardinal Mine Supply,
 
 we stated, “[s]ince their priority is set in the statute, it is reasonable that that priority is more important than whether they were tardily filed either because they had received no notice of the bankruptcy or for some other reason.”
 
 Id.
 
 As support for this conclusion, we noted that both the House and Senate Reports regarding section 726 state, “[t]hough it is in the interest of the estate to encourage timely filing, when tardy filing is not the result of a failure to act by the creditor, the normal subordination penalty should not apply.”
 
 Id.
 
 at 1092 (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 383 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 97 (1978); 1978
 
 *158
 
 U.S.Code Cong. & Admin.News pp. 5787, 5883, 6339). To that end, we held in
 
 Cardinal Mine Supply,
 
 “[w]here, as here, the reason for late filing of a priority claim is the failure to give the creditor notice, it should be treated the same as timely filed priority claims entitled to distribution under section 726(a).”
 
 Id.
 
 at 1092. Therefore, despite the Internal Revenue Service’s failure to meet the timing requirements of Rule 3002(c), we held that it was entitled to priority distribution as if it had timely filed its claim.
 
 Id.
 
 The Internal Revenue Service contends that this language permits any priority creditor who did not receive notice of the bankruptcy to file an untimely proof of claim at any time before distribution of the estate.
 

 The trustee, however, argues that
 
 Cardinal Mine Supply
 
 requires a creditor to file its proof of claim promptly after learning of the bankruptcy to receive priority distribution despite its failure to meet the deadlines of Bankruptcy Rule 3002(c). To support its argument, the trustee relies on the following language,
 
 id.
 
 at 1089:
 

 Due process and equitable concerns require that when a creditor does not have notice or actual knowledge of a bankruptcy, the creditor must be permitted to file tardily when the creditor does so promptly after learning of the bankruptcy-
 

 In this case, the Internal Revenue Service did not file its priority claim for taxes until almost two years after it received notice of the bankruptcy. Thus, Century Boat’s trustee argues that the Internal Revenue Service may not invoke the holding of
 
 Cardinal Mine Supply
 
 because it did not file its proof of claim against the estate promptly after learning of the bankruptcy. Although both the bankruptcy court and the district court accepted this interpretation of
 
 Cardinal Mine Supply,
 
 that conclusion seems counter to the holding in
 
 Cardinal Mine Supply
 
 that time of filing is less important than the priority status of a given claim.
 

 Cardinal Mine Supply
 
 did not establish the rule that a priority creditor who files an untimely proof of claim be-cause it did not receive notice of the bankruptcy will always receive priority distribution despite the untimely filing. We simply decided then, and we reaffirm today, the principle that a priority creditor who fails to receive notice of the bankruptcy and consequently files an untimely proof of claim is not barred from receiving priority distribution as a matter of law. Generally, every creditor will adhere to the timing requirements established in Bankruptcy Rule 3002.
 
 Cardinal Mine Supply
 
 established a narrow exception for priority creditors who lack notice of the bankruptcy. Not every priority creditor, however, may invoke the holding in
 
 Cardinal Mine Supply.
 
 At a minimum, the creditor must file its proof of claim before the trustee makes any distribution from the estate and before the bankruptcy court closes the estate.
 
 Cf.
 
 11 U.S.C. § 726(a)(2)(C). Furthermore, the creditor may not receive priority distribution under
 
 Cardinal Mine Supply
 
 if the court finds evidence of bad faith on the part of the creditor or undue prejudice to other creditors. Other factors may also warrant equitable subordination of the priority claim,
 
 see In re Baker & Getty Fin. Svcs., Inc.,
 
 974 F.2d 712, 717-18 (6th Cir.1992); however, none of those factors are present in this ease. Here, the delay was as much the result of shoddy reporting and record-keeping on the part of Century Boat as it was the result of actions by the Internal Revenue Service.
 

 In this case, the Internal Revenue Service should receive priority distribution of its claim despite its failure to file the claim within the established time limits. Although the Service did not file its claim until almost two years after receiving notice of Century Boat’s bankruptcy, neither the bankruptcy court nor the district court found any evidence of bad faith or unreasonable delay. The trustee had not made any distribution from the estate at the time the Internal Revenue Service filed its proof of claim. Therefore, we reverse the decision of the district court and remand to the bankruptcy court with direction that the
 
 *159
 
 Internal Revenue Service’s claim be paid as a priority claim.