In re WORTHINGTON INVESTMENTS, INC., Debtor.

Bankruptcy No. 93–50205.

EIN: 31–1085417.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

April 5, 1994.

Louis W. Cennamo, Columbus, OH, for debtor.

David M. Whittaker, Chapter 7 Trustee, Columbus, OH.

Brenda L. Dodrill, Asst. U.S. Atty., Columbus, OH.

Alexander G. Barkan, Atty. in Charge, Office of the U.S. Trustee, Columbus, OH.

## ORDER ON MOTION FOR RECONSIDERATION OF CLAIM OF THE INTERNAL REVENUE SERVICE

CHARLES M. CALDWELL, Bankruptcy Judge.

This Order constitutes the Court's ruling on the United States' Motion for Reconsideration of its Claim against the estate of Worthington Investments, Inc., and the Chapter 7 Trustee's Memorandum Contra. At the conclusion of a hearing held March 22, 1994, the Court took this matter under advisement. In making its determination, the Court has considered the pleadings, the arguments of counsel, and the authorities cited. The Court finds as follows.

A claims bar date was established in this case as June 1, 1993. The Internal Revenue Service ("IRS") was included on the Debtor's schedules, and received timely notice of the bankruptcy filing and claims bar date. The IRS filed its proof of claim of $528,398.40 for Internal Revenue taxes on June 2, 1993, one day late. On November 15, 1993, the Trustee filed an objection to the IRS's claim, requesting the tardily filed claim be treated as an unsecured claim under 11 U.S.C. § 726(a)(3). On November 30, 1993, the IRS filed a Notice of No Objection, agreeing its tardy claim should be treated as unsecured pursuant to § 726(a)(3). This Court entered an Order January 13, 1994, sustaining the Trustee's objection.

The IRS now argues in its Motion for Reconsideration that its § 507 priority claim should retain priority distribution status under 11 U.S.C. § 726(a)(1) despite the untimely filing of its proof of claim. The IRS has cited *United States v. Cardinal Mines Supply, Inc.*, 916 F.2d 1087 (6th Cir.1990) and *Internal Revenue Service v. Century Boat Co.*, 986 F.2d 154 (6th Cir.1993) to support its

assertion that all tardily filed priority claims should retain priority distribution status.

11 U.S.C. § 726(a)(1) affords § 507 claims priority distribution status, and does not distinguish between timely and tardy priority claims. Read together, *Cardinal Mines* and *Century Boat* allow a priority claim to retain priority distribution status under § 726(a)(1) when the priority creditor's proof of claim was tardy due to lack of notice or knowledge of the bankruptcy filing and claims bar date. In both cases, the priority creditor was omitted from the debtor's schedules and did not receive notice of the bankruptcy case until after the claims bar date had passed. The Sixth Circuit quoted the House and Senate Reports, stating that "[t]hough it is in the interest of the estate to encourage timely filing, when tardy filing is not the result of a failure to act by the creditor, the normal subordination penalty should not apply." *Century Boat,* 986 F.2d at 157 (quoting *Cardinal Mines,* 916 F.2d at 1092; H.R.Rep. No. 595, 95th Cong., 1st Sess. 383 (1977)). The Sixth Circuit has based its rulings upon the special status of priority creditors, the Due Process clause of the Constitution, and general principles of equity.

In *In re Electrical Management, Inc.,* 133 B.R. 90 (N.D.Ohio 1991), the court distinguished *Cardinal Mines* and *Century Boat.* In *Electrical Management,* the priority creditor had notice of the claims bar date, but failed to act and therefore filed a tardy claim. Due to the priority creditor's failure to act upon timely notice, the *Electrical Management* court subordinated the claim to distribution under § 726(a)(3).

 This Court agrees with the Sixth Circuit's holding that a priority creditor should not be penalized by subordination when its claim was tardy due to lack of notice of the bankruptcy filing. However, a priority creditor which has notice of the case and claims bar date should not benefit when it fails to act in a timely manner.

In this case, the IRS was included on the Debtor's schedules and received adequate notice of the claims bar date in order to file a timely claim. By its own admission, the IRS's failure to act caused its claim to be tardily filed. Because the IRS in this case had notice of the claims bar date, and failed to file a timely proof of claim, the IRS may not receive distribution under § 726(a)(1). Instead, the recovery by the IRS must be limited to that provided under § 726(a)(3). Accordingly, the Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**