**In re LARRY MERRITT COMPANY, a/k/a Merritt Moving and Storage Company, a/k/a A-1 Merritt Moving and Storage Company, a/k/a Edelen Transfer and Storage Company, Debtor.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellant,**

**v.**

**N. David ROBERTS, Jr., Trustee, Appellee.**

**No. 3:94-cv-117.**

United States District Court, E.D. Tennessee, at Knoxville.

June 17, 1994.

Carl K. Kirkpatrick, U.S. Atty., Knoxville, TN, Stephen P. Krantz, U.S. Dept. of Justice, Tax Div., Washington, DC, for appellant U.S.

Frantz, McConnell & Seymour, N. David Roberts, Jr., Knoxville, TN, for appellee N. David Roberts, Jr., Trustee.

*MEMORANDUM OPINION*

JARVIS, Chief Judge.

This is an appeal from an order of the Bankruptcy Court. The appeal arises out of consolidated Chapter 7 cases involving the debtor, Larry Merritt Company, a/k/a Edelen Transfer and Storage Company. Jurisdiction is based on 28 U.S.C. § 158(a) and is not in dispute. For the reasons that follow, the order of the Bankruptcy Court will be affirmed.

The material facts in this case are undisputed and are contained in written stipulations filed by the parties in the Bankruptcy Court on September 30, 1993. An involuntary Chapter 7 petition was filed against Edelen Transfer and Storage Company on July 2, 1990. An order for relief was entered under Chapter 7 on July 26, 1990, and N. David Roberts, Jr., was appointed trustee. No statements or schedules were filed and creditors, therefore, did not receive notice of the pendency of that case or the setting of any creditors' meeting or claims bar date.

On July 5, 1990, the Larry Merritt Company filed a voluntary petition under Chapter 7. The Bankruptcy Court found that Edelen Transfer and Storage Company and the Larry Merritt Company are, in fact, a single entity and that there is, therefore, but one debtor in both of these cases. In the *Larry Merritt Company* case, the debtor filed the required statements and schedules, together with a master address list of creditors.

The debtor listed the Internal Revenue Service ("IRS") and the United States Attorney in Schedule A–1 to its petition as a priority creditor. Notice for the meeting of creditors was sent to the IRS on July 10, 1990. The notice stated that the creditors' meeting would be held on August 14, 1990, and that the last date to file a proof of claim was November 13, 1990. No representative of the IRS appeared at the creditors' meeting, nor did the IRS timely file a claim.

The debtor did not file his 1989 and 1990 Form 940, Employer's Annual Federal Unemployment Tax Returns, or Form 941, Employer's Quarterly Federal Tax Returns, until January 14, 1991. Before the IRS received these returns, its tax examiner had mistakenly concluded that the balance of taxes owed by the debtor was below the IRS' criteria for filing a proof of claim. After receiving the returns, the IRS changed its position and filed its proof of claim on April 5, 1991, almost five months after the November 13, 1990 bar date. The trustee timely objected to this claim and the Bankruptcy Court thereafter denied the IRS' priority and subordinated its claim for payroll taxes in the amount of $32,150.40 to the claims of general unsecured creditors. Thus, the Bankruptcy Court held that the IRS was entitled to payment only after payment of all other unsecured claims pursuant to 11 U.S.C. ("Bankruptcy Code") § 726(a)(3).[1]

■ Bankruptcy Rule 8013 governs the standard of review of a bankruptcy court's decision. Findings of fact may not be set aside unless clearly erroneous. *See Hardin v. Caldwell (In re Caldwell)*, 851 F.2d 852, 857 (6th Cir.1988). Conclusions of law, however, are subject to *de novo* review. *Id.*

■ The issue in this case is relatively straightforward. Simply stated, it is whether or not the IRS may, having been listed as a priority creditor by the debtor, file an untimely proof of claim and thereafter be entitled to be paid as a priority creditor, even though the IRS had notice of its claim and the claims bar date. Ordinarily, claims for payroll taxes are entitled to priority pursuant to Bankruptcy Code § 726(a)(1). The Sixth Circuit Court of Appeals has addressed untimely filed tax claims in the cases of *IRS v. Century Boat Co. (In re Century Boat Co.)*, 986 F.2d 154 (6th Cir.1993); *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6th Cir.1990), and *In re Johnson*, 901 F.2d 513 (6th Cir.1990).

The Bankruptcy Court viewed the *Cardinal Mine Supply* and *Century Boat* cases as controlling. The IRS attempts to distinguish these cases since it was undisputed there that the IRS had received no notice of the bankruptcy proceedings. This distinction misses the point. In *Cardinal Mine Supply*, the Sixth Circuit held that priority creditors without notice of the proceedings are not subject to the bar date for filing claims against the estate. The *Century Boat* case limited the holding of *Cardinal Mine Supply*, stating that:

> Generally, every creditor will adhere to the timing requirements established in Bankruptcy Rule 3002. *Cardinal Mine Supply* established a *narrow* exception for priority creditors who lacked notice of the bankruptcy. Not every priority creditor, however, may invoke the holding of *Cardinal Mine Supply*.

*Century Boat*, 986 F.2d at 158 (emphasis added). The *Century Boat* case thus contemplates that there is at least some adverse consequence that results from an untimely claim by a priority creditor. *Id.* *Century Boat* clearly envisions that priority creditors under § 726(a)(1) are subject, pursuant to Bankruptcy Rule 3002, to the bar date established therein. The Sixth Circuit has not had occasion, however, to consider the effect of a § 726(a)(1) priority creditor's "knowing" failure to comply with the bar date.

---

1. The Bankruptcy Court also rejected the IRS argument that it did not receive adequate notice of the bankruptcy proceeding. The IRS has not appealed this aspect of the Bankruptcy Court's judgment.

The trustee relies upon *In re Johnson,* which involved an administrative tax claim under Bankruptcy Code § 503. The debtor in that case had incurred priority tax claims in connection with a Chapter 11 proceeding. The matter was later converted to a Chapter 7 proceeding, and a bar date was thus established for the filing of claims against the bankrupt estate. The Bankruptcy Court in *In re Johnson* found, as the Bankruptcy Court did in this case, that the IRS had sufficient knowledge and notice of the proceedings, and, since it had not timely filed its tax claim, the claim was not given its usual priority. The Sixth Circuit affirmed the district court, stating that:

> [T]he IRS could have filed an estimated claim for this tax period by the bar date and then, if necessary, it could have amended that claim. Alternatively, the IRS could have requested an extension of time as it is expressly permitted to do under Bankruptcy Rule 3002(c)(1).

*In re Johnson,* 901 F.2d at 522. In this case, the debtor listed a debt to the IRS in the amount of $25,000. Nevertheless, the IRS waited to file its proof of claim for almost five months after the bar date. The IRS was listed as a creditor and should have sought to protect its rights on that basis alone.

Though most courts have used reasoning the same or similar to that in *In re Johnson* and have subordinated § 726(a)(1) priority claims under like circumstances, the IRS relies on a recent case decided by the Second Circuit Court of Appeals, *United States v. Vecchio (In re Vecchio),* 20 F.3d 555 (2d Cir.1994), which adopted the IRS' interpretation of § 726 and the interplay between that statute and Bankruptcy Rule 3002. The *Vecchio* court held that priority claims in a Chapter 7 case need not be timely filed to be allowed under § 726(a)(1). *Id.* at 555–56. The court also held that to the extent Bankruptcy Rule 3002 is inconsistent with § 726, it "cannot stand." *Id.* at 559.

The problem with the Second Circuit's rigid interpretation and application of § 726 is that in practice it allows claims under § 726(a)(1) to retain their priority indefinitely. In my opinion, it is appropriate to allow untimely priority claims to be paid under § 726(a)(3) before timely filed penalty claims are paid under subsection (a)(4). This approach avoids the extreme result of permitting § 726(a)(1) claims to retain indefinite priority. Indeed, it is no more "absurd" to subordinate such claims, *Vecchio,* 20 F.3d at 558, than to permit indefinite priority.

Although the *Vecchio* court purported to rely on the Sixth Circuit decision in *Cardinal Mine Supply,* it effectively ignored the *Century Boat* holding, which clearly recognized the continued validity of Bankruptcy Rule 3002. *See Century Boat,* 986 F.2d at 158. In addition, the *Vecchio* court acknowledged that "the logic of [its] reading of § 726(a) leads to the conclusion that first priority payment could be accorded even to claims filed *after* the distribution of the estate's assets." 20 F.3d at 560 (emphasis added). While the court in *dictum* stated that it believed the bankruptcy courts could adequately address this concern under principles of equitable subordination pursuant to 11 U.S.C. § 510(c) and through the use of disgorgement orders, *id.,* numerous other scenarios exist that could lead to untoward and onerous results, especially in view of the Bankruptcy Code's policies of finality and providing a fresh start.

Thus, in light of the Sixth Circuit's application of Bankruptcy Rule 3002 in the *Century Boat* case, and considering the statutory policy of orderly distribution and settlement of estates, I am persuaded by the reasoning of the majority of courts that have considered this issue and have held that a priority creditor's untimely claim should be subordinated under § 726(a)(3), where the creditor had notice of the bar date and failed to comply with Bankruptcy Rule 3002. *See, e.g., IRS v. Ulrich (In re Mantz),* 151 B.R. 928, 930–31 (B.A.P. 9th Cir.1993); *Crawford v. Green (In re Crawford),* 135 B.R. 128, 133 (D.Kan. 1991); *In re Electrical Management, Inc.,* 133 B.R. 90, 92 (Bankr.N.D. Ohio 1991); *In re Kragness,* 82 B.R. 553 (Bankr.D.Ore.1988).

Therefore, I am in agreement with the Bankruptcy Court's holding subordinating the IRS' claim to the timely-filed claims of unsecured creditors pursuant to § 726(a)(3).

Order accordingly.