## In the Matter of Jerry Joseph ROCK, Debtor.

### Bankruptcy No. 93–13296.

United States Bankruptcy Court, E.D. Louisiana.

Oct. 21, 1994.

---

John M. Bilheimer, U.S. Dept. of Justice, Tax Div., Washington, DC, for I.R.S.

Wilbur J. Babin, Jr., Turner, Young, Hebbler and Babin, New Orleans, LA, for Trustee.

## MEMORANDUM OPINION

THOMAS M. BRAHNEY, III, Chief Judge.

This matter came before the Court on an Objection to Claim filed by the Trustee, Wilbur Babin. The Trustee objects to a claim filed by the Internal Revenue Service ("IRS"). A hearing was held on the Objection, at which time the Court heard the statements of the Trustee and counsel for the IRS. Upon consideration of these statements, the record in the case and the applicable law, the Court will overrule the Objection and allow the claim, for the reasons hereinafter stated.

The Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on September 13, 1993. The bar date set for the filing of proofs of claim in the case was February 2, 1994. As of that date, no proof of claim had been filed by the IRS. On April 7, 1994, the Trustee filed his Final Report of Administration of Estate. On April 22, 1994, the Debtor filed a Motion for Authority to File Late Claim on Behalf of the Internal Revenue Service seeking to allow him to file a claim for 1992 income taxes due in the amount of $20,406.00. By a Minute Entry

dated June 16, 1994, the Court denied the Debtor's Motion and approved the Trustee's Final Account. On June 10, 1994, the IRS filed its proof of claim in the total amount of $24,286.57, of which $20,699.05 is filed as a priority claim.

■ The Trustee's Objection to the IRS claim is based upon its untimely filing and the allegedly detrimental effect allowance of the IRS claim will have upon distribution to the unsecured creditors. At the hearing on the Objection, the Trustee stipulated to certain facts that were asserted in Paragraph 10 of the IRS' Response to the Objection. Those facts are that the IRS was not listed as a creditor on the Debtor's schedules or on the mailing matrix; that the Debtor had not filed his 1992 income tax return as of the date the Petition was filed; that, due to the failure to file, the IRS records showed no tax obligation owed by the Debtor for 1992, as of the date of the Petition; that the IRS became aware of the Debtor's bankruptcy case only upon receipt of a copy of the Debtor's Motion to File Late Claim, on or about May 18, 1994; and that the IRS prepared and filed its proof of claim shortly thereafter. Taking these facts into account, the Court could find that the late filing of the claim by IRS was due to excusable neglect. However, based upon relevant case law, the Court does not even have to make that finding in order to allow the IRS claim.

Several recent cases have addressed the issue of allowing tardy priority claimants to receive priority distribution. In *In re Century Boat Co.*, 986 F.2d 154 (6th Cir.1993), the Sixth Circuit allowed an IRS claim that was filed two years late, because the IRS had not received notice of the bankruptcy, to be given priority distribution, centering its position on an interpretation of 11 U.S.C. § 726. The court noted that "section 726(a)(1), concerning distribution of priority claims, makes no distinction between priority claims which are filed late and those which are filed in a timely manner." *Id.* at 157.[1] The court

---

1. Section 726(a) provides, in pertinent part, as follows:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

went on to note that, since the priority of tax claims " 'is set in the statute, it is reasonable that the priority is more important than whether they were tardily filed either because they had received no notice of the bankruptcy or for some other reason.' " *Id.,* quoting *United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir.1990). More recently, in *In re Vecchio,* 20 F.3d 555 (2nd Cir.1994), the court extended this interpretation and application of § 726 to allow priority distribution to priority creditors who file late claims even with notice of the bankruptcy. *See also In re Rago,* 149 B.R. 882 (Bankr. N.D.Ill.1992); *In re MacLochlan,* 134 B.R. 2 (Bankr.N.D.Ohio 1991).

Relevant case law, therefore, has made it clear that § 726(a)(1) makes no distinctions regarding the timeliness of priority claims. This is apparently true whether or not the priority creditor had notice of the bankruptcy proceeding. In this case, the Trustee's objection to the IRS claim is grounded in the alleged untimeliness of the filing of that claim. Accordingly, the Court finds that, whether the IRS was or was not notified of the Debtor's filing before the claims bar date, the *priority* claim of the IRS against the Debtor, in the amount of $20,-699.05, is allowable and is entitled to priority distribution. The Court will not, however, allow the unsecured non-priority portion of the IRS' claim, in the amount of $3,587.52, due to the untimeliness of the filing of the proof of claim.[2] An appropriate Order will be entered.

### ORDER

For the reasons assigned in the foregoing Memorandum Opinion entered herein by the Court this date,

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;
(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3) or (4) of this subsection, proof of which is—
(A) timely filed under section 501(a) of this title;
(B) timely filed under section 501(b) or 501(c) of this title; or
(C) tardily filed under section 501(a) of this title, if—

IT IS ORDERED that the Objection to Claim filed by the Trustee, Wilbur Babin, regarding the claim of the Internal Revenue Service ("IRS"), be, and it is hereby, **OVERRULED**.

IT IS FURTHER ORDERED that the **PRIORITY CLAIM** of the IRS in the amount of $20,699.05 be, and it is hereby **ALLOWED**.

IT IS FURTHER ORDERED that the **UNSECURED NON–PRIORITY CLAIM** of the IRS in the amount of $3,587.52 be, and it is hereby, **DISALLOWED**.

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
(ii) proof of such claim is filed in time to permit payment of such claim.

2. This finding is probably academic in that the Trustee's Final Report proposes to disburse a total of $21,479.50, with $3,828.91 going to pay Chapter 7 administrative expenses and the priority claim of the Louisiana Department of Revenue, leaving less than $20,000.00 to be paid on the IRS claim.