ORDER

Gary Anderson appeals pro se from the order entered by the district court on July 30, 2003, affirming the order entered by the United States Bankruptcy Court for the Western District of Michigan that dismissed his complaint to determine whether the debtor, Christine Ann Demis, was indebted to Anderson, or that any possible debt was nondischargeable under 11 U.S.C. § 523(a)(6). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
The facts are well known to the parties and will not be repeated here. Suffice it to say that Anderson and the debtor had a very brief and very rocky marriage. During the pendency of the divorce proceedings, both parties separately filed for protection under Chapter 7 of the Bankruptcy Code. Anderson then initiated an adversary proceeding in the debtor’s Chapter 7 case alleging that, during the course of the marriage, the debtor had committed several batteries on Anderson. Anderson claimed the incidents resulted in willful and malicious injuries which would cause the damages associated with his injuries to be nondischargeable. Anderson had not yet obtained a judgment against the debt- or in the state court, so neither liability nor an amount of damages had been determined. Anderson sought a ruling in the bankruptcy court that the damages award *369 ed in the state court would be nondischargeable, and to have the automatic stay lifted to permit him to proceed in the state court.
The bankruptcy court found that Anderson had not met his burden of establishing that the debtor was indebted to him, or that any possible debt was nondischargeable under 11 U.S.C. § 523(a)(6). The complaint was dismissed with prejudice. The district court affirmed the bankruptcy court’s decision on appeal. This appeal followed.
In a bankruptcy proceeding, the bankruptcy court is the finder of fact. In re Caldwell, 851 F.2d 852, 857 (6th Cir.1988). When a district court acts as an appellate court as it does in a bankruptcy proceeding, it reviews the bankruptcy court’s factual findings under the clearly erroneous standard, and its conclusions of law de novo. Id. “[I]n appeals from the decision of a district court on appeal from the bankruptcy court, the court of appeals independently reviews the bankruptcy court’s decision, applying the clearly erroneous standard to findings of fact and de novo review to conclusions of law.” In re Century Boat Co., 986 F.2d 154, 156 (6th Cir.1993) (brackets in original). We review the district court’s legal conclusions de novo. In re Downs, 103 F.3d 472, 477 (6th Cir.1996).
Upon review, we conclude that the bankruptcy court’s findings of fact are not clearly erroneous nor its conclusions of law incorrect. The record contains ample evidence supporting the bankruptcy court’s finding that Anderson had not met his burden of establishing that the debtor was indebted to Anderson, or that any possible debt was nondischargeable under 11 U.S.C. § 523(a)(6).
Finally, contrary to Anderson’s claim on appeal, bankruptcy discharge and questions regarding dischargeability of particular debts involve issues with an equitable history for which there is no entitlement to a jury trial. In re McLaren, 3 F.3d 958, 960 (6th Cir.1993).
Accordingly, the district court’s order affirming the order entered by the United States Bankruptcy Court for the Western District of Michigan is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.